IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KATHLEEN ANN BLANC,        )
                           )
             Plaintiff,    )        Case No. CV-08-222-S-BLW
                           )
vs.                        )        **INITIAL REVIEW ORDER**
                           )
JEROME COUNTY, et al.,     )
                           )
             Defendants.   )
_____)

      Plaintiff originally filed her Prisoner Civil Rights Complaint in Idaho state

court, and Defendants filed a Notice of Removal on May 21, 2008, pursuant to 28

U.S.C. § 1441, *et seq*.  The Court will review the propriety of removal, pursuant to

28 U.S.C. § 1446.  The Court will also review the allegations in the Complaint to

determine whether they are subject to summary dismissal pursuant to 28 U.S.C.

§ 1915 (e)(2)(B).  The following motions are also pending: (1) Defendant Dunlap's

Motion to Dismiss (Docket No. 3); (2) Plaintiff's Motions to Appoint Counsel

(Docket Nos. 6, 11); (3) Plaintiff's Motion to Disqualify Judge John Butler

(Docket No. 7); and (4) Plaintiff's Motion for Status of Case (Docket No. 12).

**ORDER  1**

Having reviewed the record in this matter, and otherwise being fully informed, the Court has determined that Plaintiff's Complaint is subject to dismissal for failure to state cognizable constitutional claims.   Based on the dismissal of the Complaint, the pending motions are moot.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction. At the time the allegations in the Complaint arose, Plaintiff was on probation in Jerome County for a criminal conviction involving felony injury to a minor.  It also appears that Plaintiff may have been involved in a proceeding to terminate her parental rights.   She characterizes her claims as civil rights violations, over which the federal district courts would have original jurisdiction. *Complaint*, p. 1-2.

Plaintiff named the following Defendants in this action: (1) Jerome County; (2) Rockne Lammers; (3) Lynn Dunlap; and (4) Michael Sieb.  She claims that her rights were violated when her public defender, Mr. Lammers, abandoned the defense of her criminal case, failed to file an appeal, failed to admit the results of a lie detector test, and deprived her of the right to attend a hearing. *Id*., p. 3.  She further alleges that Lammers failed to notify her about a parental rights termination hearing.  The Complaint alleges several additional actions that the public defender failed to take over the course of her criminal trial and probation period. *Id*, p. 3-4.

**ORDER  2**

Plaintiff alleges that a prosecutor, Michael Sieb, also violated her civil rights by "withholding information at the 1-20-06 sentencing hearing for [her] probation violation." *Complaint*, p. 5.  The Complaint also states that the clerks of Jerome County Court failed to notify her of the reassignment of her case to a different judge and changes in hearing dates.  She further claims that the unnamed clerks altered transcripts.  *Id.*  Plaintiff alleges that Lynn Dunlap withheld information and failed to cross-examine a Department of Health and Welfare employee.  It appears that Mr. Dunlap represented Plaintiff in some portion of her criminal case. *Id.,* p. 5, 17.  The Complaint also contains letters Plaintiff sent to the Idaho State Bar regarding a complaint against Mr. Lammers.

Plaintiff claims that she was denied "effective assistance of counsel" and was subjected to "wanton infliction of pain."  *Complaint*, p. 20.  She alleges that she was denied her due process rights and meaningful access to the court, and her parental rights were terminated without a fair hearing.  The Complaint states that Plaintiff filed a post-conviction relief request in Idaho state court, but it was dismissed as untimely.  She asserts that an appeal of the dismissal of her post-conviction relief request has been filed.  *Id*, p. 25.

**ORDER  3**

## REVIEW OF COMPLAINT

Federal district courts have original jurisdiction over all civil actions arising under the Constitution of the United States under 28 U.S.C. § 1331, including those actions where the plaintiff has requested a remedy under state law for an alleged violation of a federal substantive right.  *Smith v. Kansas City Title & Trust*, 255 U.S. 180, 199 (1921)(where it appears from the complaint that the right to relief depends upon the construction or application of the Constitution or laws of the United States, the District Court has jurisdiction under this provision). Plaintiff's claims are described as civil rights violations, and therefore, jurisdiction in federal court is proper.  Additionally, the notice of removal appears to be timely filed under 28 U.S.C. § 1446(b).  There being no other obstacles to removal, the request for removal is granted.

The Court is required to review prisoner civil rights complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof which states a frivolous or malicious claim, which fails to state a claim upon which relief can be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

**ORDER  4**

Plaintiff claims that she was denied the effective assistance of counsel and that there are defects in her plea agreement.  She also appears to be challenging her probation revocation and subsequent incarceration.  Apparently, the probation revocation is related to Plaintiff's loss of her parental rights.  Based on the allegations in the Complaint, it appears that the threshold question is whether this action is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), or in other words, whether a favorable verdict in a civil rights action would necessarily imply the invalidity of Plaintiff's conviction.  In *Heck v. Humphrey*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, she must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Id.*  As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Id*.

The Supreme Court has made it clear that "when a state prisoner is challenging the very fact or duration of [her] physical imprisonment, and the relief [she] seeks is a determination that [she] is entitled to immediate release or a

**ORDER  5**

speedier release from that imprisonment, [her] sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Accordingly, release from incarceration based upon a challenge to one's conviction or sentence is not an available remedy in an action brought under 42 U.S.C. § 1983.

Therefore, Plaintiff's claims arising out of her criminal conviction are barred as a civil rights action, but she may pursue relief through a habeas petition. Accordingly, the Complaint is subject to dismissal for failure to state cognizable constitutional claims.

Plaintiff is also advised that a claim against a criminal defense attorney is subject to dismissal because the attorney is not a "state actor" liable for alleged deprivations under the civil rights acts.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Prosecuting attorneys are entitled to absolute prosecutorial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by the prosecutor in the performance of an integral part of the criminal judicial process.  *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Therefore, even if Plaintiff prevails in a habeas action, there may be immunity defenses available to the individuals named in the Complaint.

**ORDER  6**

Plaintiff filed motions both prior to and after the removal of her Complaint. Based on the dismissal of the Complaint, the pending motions are moot. Defendant Dunlap's Motion to Dismiss is also moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's request for removal (Docket No. 1) is GRANTED.   Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B) for failure to state cognizable constitutional claims.

IT IS FURTHER HEREBY ORDERED that Defendant Dunlap's Motion to Dismiss (Docket No. 3); Plaintiff's Motions to Appoint Counsel (Docket Nos. 6, 11); Plaintiff's Motion to Disqualify Judge John Butler (Docket No. 7); and Plaintiff's Motion for Status of Case (Docket No. 12) are MOOT.

DATED:  **November 12, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER  7**